UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CAROL MONIC BARAJAS,**
**INSTITUTIONAL ID NO. 09865-479,**

   Movant,

v.                                              **NO. 4:22-CV-0833-P**
                                                 **NO. 4:19-CR-0367-P-1**

**UNITED STATES OF AMERICA,**

   Respondent.

## MEMORANDUM OPINION & ORDER

On January 24, 2020, Carol Monic Barajas pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. On May 29, 2020, the Court entered judgement finding Barajas guilty and sentencing her to 400 months' imprisonment. *See* ECF No. 317, *United States v. Barajas*, 4:19-CR-00367-P-1 (N.D. Tex. May 29, 2020).[1]

Barajas filed a 28 U.S.C. § 2255 motion challenging her sentence. *See* ECF Nos. 1, 2, 5. Proceeding pro se, Barajas claims that her sentence violates the Sixth Amendment because her court-appointed attorney, Pamela S. Fernandez, provided her ineffective assistance of counsel during plea negotiations. For the following reasons, the Court **DENIES** Barajas's motion.

## BACKGROUND

The following facts are undisputed. On October 11, 2019, the Government filed a criminal complaint against Barajas and 32 other defendants alleging that they conspired to distribute methamphetamine and launder money in a drug-trafficking operation. On October 24, 2019,

---

[1]On March 24, 2022, the United States Court of Appeals for the Fifth Circuit dismissed Barajas's direct appeal of the Court's judgment as frivolous. See ECF Nos. 381, 382, *United States v. Barajas*, 4:19-CR-00367-P-1 (N.D. Tex. May 29, 2020).

Magistrate Judge Jeffrey L. Cureton appointed Pamela S. Fernandez to represent Barajas. Following the appointment, the Government extended a plea offer that would allow Barajas to plead guilty to an information charging her with an offense that carried a statutory-maximum penalty of 20 years' imprisonment. The proposed plea agreement included an appellate wavier. Fernandez met with Barajas at least five times in early December 2019 to discuss the offer.

On December 11, 2019, the grand jury indicted Barajas on one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, which carried a statutory sentencing range of ten years to life in prison. The same day, U.S. District Judge John McBryde received a letter from Barajas dated December 6, 2019. In the letter, Barajas asked the Court to appoint her a different attorney because Fernandez "refuses to fully help [her] understand [her] rights;" "refuses to present any evidence that pertains to the charges being filed against [her];" "is pressuring [her] to sign to something I don't fully understand;" and "refuses to let [her] speak to the U.S. Marshalls or DEA agents." Judge McBryde ordered Fernandez to meet with Barajas and file a report of their meeting. Fernandez filed a report and, at Barajas's request, a motion to withdraw as her counsel of record. On December 20, 2019, Judge McBryde held a hearing on the motion and denied it. A few days later, Judge McBryde granted Barajas's motion to substitute Abe Factor as her counsel of record. On January 24, 2020, Barajas entered a plea of guilty to the indictment. On May 29, 2020, the undersigned sentenced Barajas to 400 months' imprisonment, approximately 33 years.

## LEGAL STANDARDS

### A.  28 U.S.C. § 2255

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *See United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citations omitted); *see also* 28 U.S.C. § 2255. The

scope of relief under § 2255 is consistent with that of the writ of habeas corpus. *Id.*

A district court may forgo an evidentiary hearing in deciding a § 2255 motion "if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Minor*, No. 21-10200, 2022 WL 11776785, at *4 (5th Cir. 2022) (quoting *United States v. Bartholomew*, 974 F.3d 39, 41 (5th Cir. 1992)). If there are no "independent indicia of the likely merit" of the petitioner's allegations, a hearing is not required. *Id.* (citing *United States v. Edwards*, 422 F.3d 258, 264 (5th Cir. 2005)).

"[C]ontested fact issues ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record." *United States v. Robles-Pantoja*, 21 F.3d 1109, 1994 WL 171699, at *2 (5th Cir. 1994) (quoting *United States v. Hughes*, 635 F.2d 499, 451 (5th Cir. 1981)).

When deciding whether an affidavit supporting a § 2255 motion may be discredited or given less weight without an evidentiary hearing, the Fifth Circuit looks to factors such as whether an affidavit is speculative, conclusory, plainly false, or contradicted by the record. *See United States v. Arledge*, 597 F. App'x 757, 759 (5th Cir. 2015) (citing *United States v. Reed*, 719 F.3d 269, 374 (5th Cir. 2013)). Given these considerations, a district court need not automatically conduct an evidentiary hearing whenever there are "competing affidavits." *Id.*

### B. Ineffective Assistance of Counsel

To prevail on an ineffective-assistance-of-counsel claim, a defendant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 689–94 (1984). Review of counsel's performance is highly deferential, with the presumption being that counsel's performance was reasonable. *Id.* at 689.

A defendant has a right under the Sixth Amendment to the competent advice of counsel during plea negotiations. *See Missouri v. Frye*, 566 U.S. 134, 141 (2012) Defense counsel has the duty to

3

communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. *Id.* at 145. "When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012)).

Where counsel's deficient performance causes a plea offer to lapse or be rejected, in order to establish prejudice under *Strickland*, a defendant must satisfy the three-part prejudice test established in *Missouri v. Frye*, 566 U.S. 134 (2012). *See United States v. White*, 715 F. App'x 437, 438 (5th Cir. 2018) (citing *Frye*, 566 U.S. at 147)).

Under *Frye*, the defendant must demonstrate there is a reasonable probability that: (1) he would have accepted the plea offer had he been afforded effective assistance of counsel; (2) the plea would have been entered without the prosecution canceling it or the trial court's refusing to accept it; and (3) the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *See id*; *see also Anaya v, Lumpkin*, 976 F.3d 545, 554 (5th Cir. 2020) (citations omitted). The defendant bears the burden to supply affirmative proof in support of each factor of the test. *See Anaya*, 976 F.3d at 556 (citing *United States v. Rivas-Lopez*, 678 F.3d 353, 359 (5th Cir. 2012)); *see also United States v. Herrera*, 412 F.3d 577, 582 (5th Cir. 2005). However, the Fifth Circuit has admittedly never articulated *how* a defendant satisfies this burden. In other words, it has not stated whether the defendant is required to produce affirmative evidence in support of each factor. *See Anaya*, 976 F.3d at 556.

## ANALYSIS

Barajas claims that Fernandez's alleged failure to provide her accurate and timely advice during plea negotiations caused the Government's pre-indictment plea offer to lapse, which led to her to receiving a sentence that is 13 years longer than necessary. *See* ECF Nos. 1, 2. In other words, Barajas claims that, had Fernandez properly advised her, she would have accepted the Government's offer.

4

In support of her claim, Barajas offers her declaration made under penalty of perjury. *See* ECF No. 5. In it, Barajas admits that she met with Fernandez "several times" in early December 2019, before the offer lapsed. She describes their meetings as follows:

> In early December 2019, I met several times with my appointed attorney, Pamela Fernandez. These meetings were brutal, with Fernandez refusing to explain the prosecution's formal plea offer and how that offer correlated to my sentence exposure if convicted at trial. Rather than answer my questions about the terms and consequences of the plea offer, she attempted to coerce me into silent compliance by her truly shocking behavior. Specifically, on December 4, 2019, when I asked for clarification of whether I could talk to the marshals (or otherwise cooperate to earn a lesser sentence) she refused to discuss the matter, stating that I would have to sign the plea offer first. Rather than explain the various terms of the plea offer which confused me—the appellate wavier and cooperation, amongst other terms—she reiterated this position, telling me that we are going to sit here until you sign the plea or go back to your jail unit. I told her that I needed to understand the offer and my options before I signed the plea agreement. Fernandez told me that she knew I was guilty, because of my prior federal conviction.

*See* ECF No. 5.

In response, Respondent offers Fernandez's affidavit, which tells a different story. *See* ECF No. 16 at 8–17. Fernandez states that she met with Barajas on eight separate occasions and explains as follows:

> I fully explained the [pre-indictment] plea agreement to Ms. Barajas no less than six (6) times and advised her to take the plea offer. I explained that this was the best deal that the Assistant U.S. Attorney, Shawn Smith [AUSA hereinafter] was offering (I did ask the AUSA if there was a better deal to be had to which he stated that was the best

5

> deal she would get) and if she did not choose to accept the plea then her exposure would be ten (10) years to Life in prison. Each time I advised her she told me that she was not going to take any kind of plea and she was also not going to take her case to trial. I explained that her right to a trial was an absolute right and should she continue to choose not to take the plea then her absolute right to a trial would be upheld and her trial would be had after the ten (10) to life case was indicted. I explained what a scheduling order is and how that would apply to either a plea or trial. She continued to deny the offense and insisted that she did not know anything about the offense, even after I went over the evidence with her.

*Id.* at 9.

Respondent argues that Barajas's claim has no merit because her verified complaint and declaration are conclusory and refuted by the record. *See* ECF Nos. 12, 16. Barajas filed replies, insisting that an evidentiary hearing is necessary to assess the credibility her and Fernandez's opposing statements. *See* ECF Nos. 14, 17.

After carefully reviewing the parties' pleadings, relevant records, and applicable law, the Court agrees with Respondent and concludes that an evidentiary hearing is not required to adjudicate Barajas's claims.

### A. Deficient Performance

Under *Strickland*, the Court must review Fernandez's performance with deference and presume that it was reasonable. Barajas's factual allegations do not overcome that presumption. Although the record shows that Barajas was dissatisfied and frustrated with Fernandez's performance and advice, it conclusively negates the facts that Barajas relies on to show that it was constitutionally deficient.

Barajas does not dispute that Fernandez communicated the Government's pre-indictment plea offer to her and repeatedly advised her to accept it. Rather, Barajas's primary complaint is that Fernandez failed to sufficiently explain its terms and warn her that her sentence

6

exposure would drastically increase if she were to delay entry of her guilty plea. As shown above, Fernandez's affidavit contradicts Barjas's allegations.

The Court acknowledges that it may not ordinarily resolve disputed fact issues on competing affidavits alone. However, the Court concludes that it may do so under the circumstances presented here. The record evidence clearly supports the critical factual assertions made in Fernandez's affidavit and contradicts those made by Barajas in her verified complaint and declaration.

First, Barajas's allegations are contradicted by her *own* prior statements that she made at the motion-to-withdraw hearing. When asked to explain her concerns regarding Fernandez, Barajas stated:

> [Fernandez] expressed a lot of frustration, impatience to every question that I would give her. She didn't seem to give me any option, other than to sign that and be facing 20 years, and it didn't – she wouldn't go past that.
>
> **[Fernandez] stated if I took it to trial, she wouldn't have any way to defend me, and I would be facing 30 to life** (emphasis added). She just didn't seem to have any other – any motivation to defend me to the best of her ability…

*See* ECF No. 355 at 5–6, *United States v. Barajas*, 4:19-CR-00367-P-1 (N.D. Tex. Aug. 10, 2020).

Second, after questioning Barajas, Fernandez, and Danny Burns (who was appointed to represent Barajas for purposes of the motion-to-withdraw hearing only), Judge McBryde denied the motion to withdraw because he had not "heard anything to indicate that Ms. Fernandez has not done what she should do in representing you." In fact, Judge McBryde strongly encouraged Barjas to listen closely to Fernandez's advice because it "is something that would be worth you paying attention to." *Id.* at 11–13.

7

Third, Barajas admitted under oath that she did not have any complaints about Fernandez's performance. The following exchange occurred during Barajas's rearraignment hearing:

> **THE COURT:** Do you have any complaint whatsoever with anything Mr. Factor has done or failed to do, or anything the attorney who represented you before Mr. Factor did or failed to do? Do you have any complaint whatsoever with either attorney or anything either attorney has done or failed to do?
>
> **THE DEFENDANT:** No, Your Honor.

*See* ECF No. 357 at 17, *United States v. Barajas*, 4:19-CR-00367-P-1 (N.D. Tex. Aug. 12, 2020).

Barajas's self-serving post hoc assertions made in her verified complaint and declaration are conclusory and insufficient to negate the contemporaneous statements that she made during the motion-to-withdraw and rearraignment hearings. *See United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (explaining that sworn statements made in open court are entitled to a strong presumption of truthfulness); *see also United States v. Crain*, 877 F.3d 637, 650 (5th Cir. 2017) (explaining that "self-serving post hoc assertions about how [the defendant] would have pled" do not negate the contemporaneous comments at the plea hearing).

**B. Prejudice**

Assuming arguendo that Fernandez's performance was deficient, Barajas fails to show that she was prejudiced by it. As argued by Respondent, the Court concludes that the record conclusively negates that there is a reasonable probability that the pre-indictment plea offer would have been entered without the prosecution canceling it or the trial court's refusing to accept it—one of the three *Frye* factors required to demonstrate *Strickland* prejudice under these circumstances. In the motion-to-withdraw hearing, Judge McBryde specifically stated that he would *not* have accepted the proposed pre-indictment plea agreement because it contained an appellate waiver:

8

> I wouldn't have accepted a plea agreement with a waiver of appeal, and the government knows that. I don't know why they tell lawyers that it would be in a plea agreement because I simply don't accept the plea agreement with a waiver of appeal.

*See* ECF No. 355 at 8, *United States v. Barajas*, 4:19-CR-00367-P-1 (N.D. Tex. Aug. 10, 2020). Barajas does not supply any affirmative proof to suggest that the Government was willing to negotiate the terms of the proposed plea agreement or remove the appellate waiver from it.

## CONCLUSION

For the foregoing reasons and those stated in Respondent's response and supplemental response (ECF Nos. 12, 16), the Court concludes that Barajas failed to demonstrate that she received ineffective assistance of counsel under *Strickland*. She is, therefore, not entitled to relief under § 2255, and her motion is **DENIED**.

For the same reasons, the Court concludes that reasonable jurists could not question the Court's resolution of Barajas's claims. As a result, the Court **DENIES** a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); *see also* FED. R. APP. P. 22(b)(1).

**SO ORDERED** on this **26th day** of **June 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE